JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Rasheetta Milas

**DEFENDANTS**

Pathways to housing PA, Inc.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Albert J. Michell, P.C. 40 W. Evergreen Ave., Ste 101,
Philadelphia, PA 19118 tel# 215.922.2588

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII 42 USC Sec. 2000 et seq.

Brief description of cause:
Race discrimination and retaliation in employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
9/26/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Rasheetta Milas
                                              :         CIVIL ACTION
                                              :
                                              :
                            v.                :
Pathways to Housing PA, Inc.                  :
                                              :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court. counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation. that defendant shall. with its first appearance. submit to the clerk of court and serve on the plaintiff and all other parties. a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)

9/26/2023              Albert J. Michell, Esq.                Plaintiff Rasheetta Milas
**Date**               **Attorney-at-law**                    **Attorney for**

215.922.2588           215.922.2590                           albertjmichell@gmail.com
**Telephone**          **FAX Number**                         **E-Mail Address**

**(Civ. 660) 10/02**

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2319 Montrose Street, Philadelphia, PA 19146

Address of Defendant: 5201 Old York Road, Ste 108, Philadelphia, PA 19141

Place of Accident, Incident or Transaction: 5201 Old York Road, Ste 108, Philadelphia, PA 19141

---

***RELATED CASE IF ANY:***

Case Number: _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is **not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 9/26/2023        Albert J. Michell, Esq.        76797
                       *Attorney-at-Law (Must sign above)*        *Attorney I.D. # (if applicable)*

---

Civil (Place a √ in one category only)

**A.   *Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ All Other Federal Question Cases. *(Please specify):*_____

**B.   *Diversity Jurisdiction Cases:***

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):*_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify):*
_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Albert J. Michell, Esq. counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 9/26/2023        Albert J. Michell, Esq.        76797
                       *Attorney-at-Law (Sign here if applicable)*        *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rasheetta Milas | : |
| 2319 Montrose Street | : |
| Philadelphia, PA 19146 | : |
|                Plaintiff | : |
| | : |
| v. | :        CIVIL ACTION |
| | : |
| | :        DOCKET NO.: |
| Pathways to Housing PA, Inc. | : |
| 5201 Old York Road | : |
| Suite 108 | : |
| Philadelphia, PA 19141 | : |
|                Defendant | : |

## **COMPLAINT**

Comes now the Plaintiff Rasheetta Milas, by and through counsel Albert J. Michell, Esquire, and for her complaint and cause of action, states as follows:

## **PARTIES**

1.      Plaintiff, Rasheetta Milas (hereinafter "Plaintiff" or "Ms. Milas"), is an adult African American female and a resident of the Commonwealth of Pennsylvania who lives at 2319 Montrose Street, Philadelphia, PA 19146.

2.      Defendant Pathways to Housing PA, Inc. (hereinafter "Defendant" or "Pathways") is a non-profit corporation incorporated and headquartered in Pennsylvania with its headquarters located at 5201 Old York Road, Suite 108, Philadelphia, PA 19141. Pathways is a person as defined in 42 U.S.C. Sec 2000e-2(a).

3.      At all times relevant to this action the above named Defendant was "engaged in an industry affecting commerce" within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h).

At all times relevant to this action Defendant employed 20 or more employees.

At all times relevant to this action Defendant was an "employer" within the meaning of Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b).

At all times relevant to this action Defendant was an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 P.S. Section 954.

At all times relevant to this action Defendant was an "employer" within the meaning of Section 5 of the PHRA, 43 P.S. Section 955.

## JURISDICTION

4.     Jurisdiction of this Court comes under 28 U.S.C. Sec. 1331 (federal question) based on Ms. Milas' claims under Sections 703(a) and 706(f)(1) of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a) and 2000e-5(f)(1) and 42 U.S.C. Section 2000e3(a) (''Title VII'') (employment discrimination). The state law components of this action arise under the Pennsylvania Human Relations Act, 43 P.C. Sections 953, 955 and 962(c)(1). This Court has supplemental subject matter jurisdiction over the state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

5.     Venue in this district is proper because the discriminatory acts complained of occurred primarily at Defendant's headquarters located within the Eastern District of Pennsylvania and Plaintiff resides in Philadelphia, Pennsylvania.

## PROCEDURAL REQUIREMENTS

6.     Within 180 days of the occurrences of the acts of discrimination of which she complains, Plaintiff dual filed Charges of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Pennsylvania Human Relations Commission (hereinafter "PHRC") alleging race-based employment discrimination and retaliation.

The EEOC and PHRC have held exclusive jurisdiction over Plaintiff's complaints for over 10 months.

To date, neither the EEOC or PCHR have reached a conciliation agreement to which Plaintiff is a party.

On September 14, 2023, the EEOC issued a Notice of Right To Sue letter, allowing

Plaintiff to sue in Federal Court within ninety (90) days of receipt. (See attached Notice of Right to Sue letter dated September 14, 2023.)

## STATEMENT OF FACTS

7.       Defendant Pathways to Housing PA, Inc. is a domestic non-profit corporation which primarily assists individuals in obtaining housing, medical, rehabilitation, and other benefits, with its principal place of business located at the above indicated location.

8.       Plaintiff, a black female, was hired by Defendant on or about June 13, 2020 as a Service Coordinator. Shortly thereafter she was promoted to Substance Abuse Case Manager in or about November, 2022.

9.       Plaintiff excelled at her positions.

10.       In or about September, 2022 Plaintiff's white female co-worker, Rosa Freeman, improperly used a company car for business and personal use for approximately 4 days without signing it out and got into an accident with the vehicle.

11.       Defendant, by and through management, initially blamed Plaintiff for the damages to the vehicle and then subsequently blamed Ms. Freeman's three black co-workers, Lester Okalin, Juneifer Riggins, and Plaintiff, for the excessive mileage placed on the vehicle while it was being improperly used by Ms. Freeman.

12.       Plaintiff asked to be placed on another team because she felt discriminated against but was denied and told this was not possible, even though white co-workers were freely allowed to transfer among teams.

13.       Ms. Freeman was allowed to stay in the office to complete documentation while her black co-workers, including Plaintiff, were instructed to perform more field work, and were not permitted to stay late in the office to work on associated documentation.

14.       In November, 2022 Clinical Director Oksana (lnu) on several occasions threatened to eliminate Plaintiff's one day a week internship with Defendant because Plaintiff supposedly was not keeping up with her case documentation.

15.       Plaintiff only had three outstanding documents overdue during this period, while Ms Freeman, despite being given the opportunity to stay in the office to complete her documentation, had hundreds of outstanding overdue documents during that time frame and was never

reprimanded in any way for this.

16.      On November 9, 2022 Plaintiff complained of the above racial disparities and favoritism to Vice President of Human Resources Randy Perrin.

17.      Shortly thereafter Pathways started an investigation falsely targeting Plaintiff for fraudulent billing/documentation.

18.      On approximately March 16, 2023 Defendant's upper management compelled Plaintiff to sign a Cease to Discuss Order, naming her as an "alleged perpetrator", but Defendant refused to tell Plaintiff what Plaintiff allegedly did wrong.

19.      Plaintiff was contemporaneously issued an Employee Warning Report, which was to be issued to employees when they committed a violation of rules or standards of employee conduct. Defendant did not indicate what the alleged violation was, instead indicating only "Billing Investigation".

20.      As per the Employee Warning Report Plaintiff was suspended on March 16, 2023, again without being told why.

21.      On or about April 5, 2023 Defendant, by and through Director of Compliance Patricia Williams contacted Plaintiff and asked her to come in the next day to give a statement.

22.      Plaintiff, concerned about not being told what she had done wrong and being continually wrongfully targeted and discriminated against, asked for her supervisor, Team leader Sarah Ells, to be present. This was denied.

23.      Plaintiff then asked for her lawyer to be present. Defendant responded that they did not have in-house counsel scheduled, so that would not happen.

24.      During these communications/negotiations, Ms. Williams told Plaintiff to call Mr. Perrin.

25.      Plaintiff called Mr. Perrin the next morning and left a message and didn't hear back and so she called him again the next day, Friday April 7, 2023 and left another message, again to no avail.

26.      Finally on Monday, April 10, 2023 Plaintiff again called Mr. Perin and got through to him, whereupon he told her she was terminated, ostensibly for job abandonment.

27.      This was a pretextual reason as Plaintiff was on suspension at the time and was never asked to return to work.

28.      Plaintiff's white peers engaged in similar conduct to her's but were not subject to the

above harassment, unwarranted discipline, and termination.

29.    Plaintiff was subjected to the adverse employment decisions by Defendant on the basis of her race and in retaliation for her complaints of same and not because of any legitimate business reason.

30.    Defendant by and through its employees humiliated, embarrassed, and subjected Plaintiff to mental distress and anguish through their deliberate discrimination and retaliation.

31.    As a result of Defendant's discrimination and retaliation toward Plaintiff, Plaintiff suffered lost pay and benefits and other monetary damages including the necessity of hiring an attorney to file this suit.

**COUNT I**
Title VII - Race Discrimination/Harassment in Employment

32.    Plaintiff incorporates paragraphs 1 through 31 as though set forth in full herein.

33.    By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

34.    Taken together, the acts outlined above up to and including her ultimate termination describe a pattern of intentional discrimination and disparate treatment against Plaintiff on account of her race (black) with respect to the terms and conditions of her employment.

35.    Taken together, the acts outlined above were intentional and describe a hostile work environment based on race.

     (a)    Plaintiff suffered the intentional discrimination outlined above because of her membership in a protected class - black.
     (b)    Such discrimination was pervasive and regular.
     (c)    Such discrimination detrimentally affected the Plaintiff.
     (d)    Such discrimination would have detrimentally affected a reasonable person of the same protected class in her position.
     (e)    There existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

36.    Defendant's acts of discrimination as aforesaid were intentional, willful, and in reckless disregard of Plaintiff's rights and interests.

37.    The effects of Defendant's employment practices deprived Plaintiff of equal employment

opportunities and otherwise adversely affected her status as an employee because of her race.

38.     As a direct result of Defendant's willful, wrongful, and unlawful actions in discrimination against Plaintiff because of her race, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of self-esteem, and has sustained loss of income, loss of benefits, loss of future earning power, back pay, and front pay.

39.     The above described acts and omissions of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

40.     Said acts and omissions of Defendant were committed by and through their management employees within their agency relationships with Defendant.

41.     The extreme and outrageous acts and omissions of Defendant merit the imposition of punitive damages.

**WHEREFORE,** Plaintiff Rasheetta Milas prays that this Court:

(a)     accept jurisdiction over this matter;

(b)     impanels and charges a jury with respect to the causes of action; and

(c)     awards the following damages:

i.     back pay, front pay, and all lost benefits along with pre and post judgment interest;

ii.     punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

iii.     reinstatement with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Federal and Pennsylvania state statutes; and

iv.     any other relief which this Court deems just and equitable.

**COUNT II**
PHRA - Race Discrimination/Harassment in Employment

42.    Plaintiff incorporates paragraphs 1 through 41 as though set forth in full herein.

43.    By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Sections 953 and 955.

44.    Taken together, the acts outlined above, up to and including her ultimate termination, describe a pattern of intentional discrimination and disparate treatment against Plaintiff on account of her race with respect to the terms and conditions of her employment.

45.    Taken together, the acts outlined above were intentional and describe a hostile work environment based on race.

   (a) Plaintiff suffered the intentional discrimination outlined above because of her membership in a protected class - black.
   (b) Such discrimination was pervasive and regular.
   (c) Such discrimination detrimentally affected Plaintiff.
   (d) Such discrimination would have detrimentally affected a reasonable person of the same protected class in her position.
   (e) There existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

46.    The unlawful employment practices outlined above were intentional.

47.    Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the state and municipality protected rights of Plaintiff.

48.    As a result of Defendant's action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

  **WHEREFORE,** Plaintiff Rasheetta Milas prays that this Court:

   (a) accept jurisdiction over this matter;

   (b) impanels and charges a jury with respect to the causes of action; and

   (c) awards the following damages:

     i. back pay, front pay, and all lost benefits along with pre and post judgment interest;

     ii. liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation,

physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

iii.     reinstatement with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Federal and Pennsylvania state statutes; and

iv.     any other relief which this Court deems just and equitable.

## COUNT III
### Retaliation

49.     Plaintiff incorporates paragraphs 1 through 48 as though set forth in full herein.

50.     As outlined in the statement of facts, Plaintiff engaged in the opposition of unlawful employment practices, Defendant's described acts and omissions constituting violations of Title VII and the PHRA by making complaints of such treatment to management.

51.     Plaintiff's said opposition was a protected activity.

52.     Defendant harassed Plaintiff, detrimentally affected the terms and conditions of her employment and ultimately terminated her for engaging in these protected activities.

53.     Defendant's acts of discrimination as aforesaid were intentional, willful, and in reckless disregard of Plaintiff's rights and interests.

54.     By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of 42 U.S.C. Section 2000e3(a) and the PHRA.

55.     As a direct result of Defendant's retaliation, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of self-esteem, and has sustained loss of income, loss of benefits, loss of future earning power, back pay, and front pay.

**WHEREFORE,** Plaintiff Rasheetta Milas prays that this Court:

(a)     accept jurisdiction over this matter;

(b)     impanels and charges a jury with respect to the causes of action; and

(c)     awards the following damages:

i.     back pay, front pay, and all lost benefits along with pre and post judgment interest;

ii.     punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

iii.     reinstatement with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Federal and Pennsylvania state statutes; and

iv.     any other relief which this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff requests trial by jury on all counts.

Dated: <u>9/26/2023</u>

                     <u>/s/ Albert J. Michell</u>
                   Albert J. Michell, Esquire
                   Attorney ID: 76797
                   **ALBERT J. MICHELL, P.C.**
                   40 West Evergreen Avenue, Suite 101
                   Philadelphia, PA 19118
                   Send correspondence to:
                   PO Box 4062
                   Philadelphia, PA 19118
                   Telephone: 215.922.2588
                   Validation of Signature Code: AJM4598

# EXHIBIT "1"
# NOTICE OF RIGHT TO SUE LETTER

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Rasheetta C. Milas
     2319 Montrose St
     PHILADELPHIA, PA 19146

From:  Philadelphia District Office
       801 Market St, Suite 1000
       Philadelphia, PA 19107

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2023-04565 | Legal Unit Representative | 267-589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough
09/14/2023

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:  Patricia Williams
     **Pathways to Housing**
     **5201 OLD YORK RD**
     **PHILADELPHIA, PA 19141**
     Nancy R Ryan
     McKinley & Ryan, LLC
     **238 W MINER ST APT 1**
     **West Chester, PA 19382**